Dillingham v. Codman.

SILAS DILLINGHAM & al. vs. RANDOLPH A. L. CODMAN.

In *scire facias* against the indorser of a writ, the return of an officer of an arrest of the body of the original plaintiff, on an execution for costs, and of his liberation therefrom by giving the bond required by the poor debtor acts of 1835 and 1836, does not furnish even *prima facie* evidence of the inability of the original plaintiff, as the giving of the bond may operate merely as an extension of the time of payment.

SCIRE FACIAS against the defendant, as indorser of a writ, sued out against the present plaintiffs in favor of one Coffin, described as of *Orono*, in the county of *Penobscot*, wherein they recovered judgment against *Coffin* for their costs. The defendant demurred to the declaration, and the plaintiffs joined in demurrer. The writ of *scire facias* recites the judgment and execution, and states that it was given to an officer of the county where *Coffin* lived, who made the following return thereon. "*Penobscot, ss. January* 12, 1838. For want of property of the within named debtor, or his body to be found within my precinct, I return this execution in no part satisfied. *R. S. Jackson, Dep. Sh'ff.*" The declaration then alleges, that the present plaintiff sued out an *alias* execution against *Coffin*, and gave it to a deputy sheriff of the county of *Washington*, who made the following return thereon. "*Washington, ss. March* 2d, 1838. By virtue hereof, and for want of property, I arrested the body of the within named *Coffin*, and at the same time he tendered me the bond which is hereunto annexed. *Bradbury Collins, D'y Sh'ff.*" The declaration sets forth the condition of the bond, and says, that the conditions remain wholly unperformed, and that the judgment remains wholly unsatisfied. More than six months had elapsed, after the date of the bond, before the present suit was brought.

*Codman, pro se,* in his argument, cited *Ruggles* v. *Ives,* 6 *Mass. R.* 494 ; *Magee* v. *Barber,* 14 *Pick.* 212 ; *Palister* v. *Little,* 6 *Greenl.* 350 ; *St.* 1836, c. 245, § 5 and 6 ; *Harkness* v. *Farley,* 2 *Fairf.* 491 ; *Miller* v. *Washburn,* 11 *Mass. R.* 411 ; *Howe* v. *Codman,* 4 *Greenl.* 79.

*W. P. Fessenden* argued for the plaintiff, and cited the same

Dillingham v. Codman.

authorities cited for the defendant, and *Chase* v. *Gilman*, 3 *Shepl.* 64.

The opinion of the Court was drawn up by

WESTON C. J.— To charge the defendant as indorser, the avoidance or inability of the original plaintiff must be shown. If the return on the original execution might have been evidence of avoidance, it is obviated by the return on the *alias*, which shows, that he had not avoided ; but that his body was arrested thereon. The question then is, whether his inability is sufficiently averred in the declaration.

As the law formerly stood, the arrest and commitment of the body was sufficient evidence of inability. But an arrest, and a liberation therefrom on giving bond, as is set forth in the declaration, is not *prima facie* evidence of inability. It operates as an extension of credit, of which debtors, having the command of means, practically avail themselves. The condition of the bond assumes, that property may be disclosed, and thus become known, and made available to the creditor. Or if the condition of the bond is forfeited, as is averred in this case, the creditor has an ample remedy, as well as adequate security, upon that instrument. The forfeiture of the bond, rather implies the existence, than the want of property. If the debtor could have legally taken the poor debtor's oath, it may fairly be presumed he would have done so, and thereby have liberated both himself and his sureties from the obligation of the bond. It does not appear to us, either that the avoidance or inability of the original plaintiff, is sufficiently averred in the declaration.

*Declaration adjudged bad.*